**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **PATENT ONE LLC,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-cv-15270 |
| v. ) | |
| ) | Presiding Judge: Hon. Sara L. Ellis |
| **THE INDIVIDUALS,** ) | Magistrate Judge: Hon. Beth W. Jantz |
| **CORPORATIONS, LIMITED** ) | |
| **LIABILITY COMPANIES,** ) | |
| **PARTNERSHIPS, AND** ) | |
| **UNINCORPORATED ASSOCIATIONS** ) | |
| **IDENTIFIED ON SCHEDULE A TO** ) | |
| **THE COMPLAINT,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing a link to Plaintiff's Complaint, Temporary Restraining Order (if and when issued), and other relevant documents on a website and by sending e-mails to the e-mail addresses provided for the Defendants by third-parties that includes a link to said website. Plaintiff submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because Defendants and their offshore Internet Stores, on information and belief: (1) provide incomplete and/or false names and physical address information to conceal their location and avoid liability for their unlawful

conduct; and (2) rely primarily on electronic communications to communicate with their customers and third-party service providers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. Authorizing service of process solely via e-mail and electronic publication will benefit all Parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

While offshore Internet store operators do not generally provide accurate physical addresses, they must provide a valid e-mail address to customers for completing payment and/or managing their Internet stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their Internet store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Plaintiff has good cause to suspect the Defendants are almost all residents of China or other foreign jurisdictions. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters

(the "Hague Convention"). According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known."

United States District Courts, including this Court, routinely permit alternative methods of service notwithstanding the applicability of the Hague Convention. *See e.g.*, *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention"); *see also In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *2 (N.D. Cal. June 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority). The Hague Convention also does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to prohibit e-mail service. In addition, the law of the People's Republic of China does not appear to prohibit electronic service.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.* 284 F.3d at 1014-15 (9th Cir. 2002). As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which a foreign defendant may be served. *Id.* Also, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule

4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). As such, this Court may allow Plaintiff to serve Defendants via electronic publication and e-mail.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. Accordingly, Plaintiff requests issuance of an Order authorizing Plaintiff to serve Defendants electronically and providing for issuance of a single original summons in the name of the Defendant Internet Stores identified in Schedule A to Plaintiff's Complaint.

Date:October 24, 2023  Respectfully submitted,

By: /s/ Shengmao Mu
Shengmao (Sam) Mu, NY #5707021
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*