UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATENT ONE LLC, | ) |
| Plaintiff, | ) Civil Action No. 23-cv-15270 |
| v. | ) |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | ) Presiding Judge: Hon. Sara L. Ellis ) Magistrate Judge: Hon. Beth W. Jantz |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff submits this Memorandum in support of its Motion for Entry of Default and Default Judgment in the above-captioned action under Fed. R. Civ. P. 55 against the defendants identified on the Schedule A attached hereto ("Defaulting Defendants").

Plaintiff markets and sells uniquely designed single panel of adjustable organizing cubes ("Plaintiff's Products"). (Dkt. 9-1 ¶ 8). The design of the single panel of adjustable organizing cubes is claimed in Plaintiff's U.S. Patent No. Patent No. D949,612 S (the "Asserted Patent" or the "'612 patent") (*Id*. ¶ 2). This action has been filed by Plaintiff to combat online infringers selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products embodying the design claimed in the '612 patent (the "Infringing Products"). (*Id*. ¶¶ 10 -11). Plaintiff's Products have enjoyed enormous success, which has led to significant infringement of Plaintiff's patent rights. (*Id*. ¶ 9).

1

To combat such activity, Plaintiff filed this action, wherein Plaintiff asserts a claim for patent infringement, on October 24, 2023. (Dkt. 1 ¶¶ 47-58). On October 30, 2023, this Court granted Plaintiff' *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"). (Dkt. 13). On October 30, 2023, this Court granted Plaintiff's Motion to Extend the Temporary Restraining Order Pending a Ruling on Plaintiff's Preliminary Injunction Motion. (Dkt. 19).

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment and finding Defaulting Defendants liable on Plaintiff's patent infringement claim. Plaintiff seeks an award of monetary damages in the amount of $1,325,538.17, which is specified on the Schedule A attached hereto, which reflects Defaulting Defendants' gross sales of the Infringing Products. Plaintiff also seek entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offer for sale, selling, and importing products embodying Plaintiff' patented design; and requiring that all assets in Defaulting Defendants' financial accounts operated by Amazon, as well as any newly discovered assets, be transferred to Plaintiff, up to the amount of relief awarded by the Court.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101, et seq., and pursuant to 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target business activities toward consumers in the United States, including Illinois, and cause harm to Plaintiff' business within this Judicial District. (*See* Dkt. 9-3; *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (plaintiff bears only

2

the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least fully interactive commercial Internet websites and online marketplace accounts, Defaulting Defendants have targeted sales from U.S. residents, including Illinois residents, by operating websites and online marketplace accounts that offer shipping to the United States, including Illinois, and on information and belief, have sold counterfeit/infringing products to residents within the United States, including Illinois. (Dkt. 9-3). Thus, personal jurisdiction is proper because Defaulting Defendants are committing tortious acts in the U.S., including in Illinois specifically, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the U.S. and in the State of Illinois specifically. (*Id.*) See *Entertainment One UKLtd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 19- cv-00788 (N.D. Ill. Apr. 23, 2019); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al..,* No. 19- cv-00281 (N.D. Ill. Apr. 2, 2019).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT.

### A. Entry of Default is Required Here.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). On October 24, 2023, Plaintiff filed their Complaint asserting a claim for patent infringement. The Defaulting Defendants were properly served on November 15, 2023. (Dkt. 20). The last day to file an answer is December 6, 2023. Despite having been served with

process, the Defaulting Defendants have failed to plead or otherwise defend this action.[1] Accordingly, Plaintiff ask for entry of default against the Defaulting Defendants.

### B. Entry of Default Judgment is Required Here.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

The deadline by which Defaulting Defendants were required to serve their responsive pleading has passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed.R.Civ.P. 12(a)(1)(A). Accordingly, default judgment is appropriate. Further, Plaintiff request awards of monetary damages against each of the Defaulting Defendants for patent infringement as authorized by 35 U.S.C § 289 for Defaulting Defendants' unauthorized, infringing manufacture, use, offering for sale, sale, and importation of products embodying a design that infringes Plaintiff's '612 patent. Plaintiff also seek entry of a permanent injunction ordering, *inter alia*: (i) that Defaulting Defendants be prohibited from selling the Infringing Products and from making, using, offering for sale, selling, and importing products embodying the design claimed in Plaintiff's '612 patent; (ii) that domain names used by Defaulting Defendants to sell the Infringing Products be permanently transferred to Plaintiff;

---

[1] Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces.

and (iii) that all assets in Defaulting Defendants' financial accounts operated by Amazon, as well as any newly identified accounts, be transferred to Plaintiff up to the amount of the total relief awarded by the Court to Plaintiff.

      **C.    Plaintiff Is Entitled to Judgment as a Matter of Law on their Patent Infringement Claim.**

"A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.,* 997 F.2d 1444, 1450 (Fed. Cir. 1993). Design patent infringement analysis is governed by the "ordinary observer" test, which has been articulated as follows: "[If] in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive an ordinary observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Amini Innovation Corp. v. Anthony California, Inc.*, 211 F. App'x 988, 2007 WL 43262, at **2 (Fed. Cir. Jan. 8, 2007). Further, design patent infringement requires that the accused design misappropriate the novel ornamental features of the patented design that distinguish it from the prior art. *Oakley, Inc. v. Int'l Tropic–Cal, Inc.,* 923 F.2d 167, 169 (Fed. Cir. 1991).

Defaulting Defendants make, use, sell, offer for sale, and/or import into the United States products that infringe Plaintiff's '612 patent. (Dkt. 1 ¶ 49). In the eye of an ordinary observer, the design of Defaulting Defendants' Infringing Products and the design claimed in the '612 patent are substantially the same; indeed, they are virtually identical. (*Id*. ¶ 50).

The sameness of the design of Defaulting Defendants' Infringing Products as compared to Plaintiff's patented design deceives prospective purchasers and induces them to purchase Defaulting Defendants' products supposing them to have come from Plaintiff. (*Id.* ¶ 50). Defaulting Defendants' Infringing Products misappropriate the novelty of the design claimed in

the '612 patent that distinguished Plaintiff's patented design from the prior art. (*Id*. ¶ 51). Defaulting Defendants sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '612 patent. (*Id*. ¶ 52). Defaulting Defendants' infringement of the '612 patent has been willful. (*Id*. ¶ 55).

Further, the '612 patent is presumed valid. *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998). This presumption applies at every stage of litigation. *Canon Computer Sys.*, 134 F.3d at 1088. No party has to date challenged the validity of the '612 patent.

### III. PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF.

#### A. Plaintiff is Entitled to an Award of Monetary Damages.

Upon a finding of design patent infringement, a plaintiff may elect between pursuing damages pursuant to 35 U.S.C. §284, which is the damages provision of the Patent Act applicable to patent infringement generally; or, alternatively, damages pursuant to 35 U.S.C. § 289, which is a separate damages provision applicable exclusively to design patent cases. 35 U.S.C. § 289 provides for an award of the infringer's profits generated through sales of the infringing items. Specifically, Section 289 states, in pertinent part, as follows:

> Whoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250, recoverable in any United States district court having jurisdiction of the parties.

35 U.S.C. § 289. Plaintiffs who have prevailed on a design patent infringement claim, moreover, need only demonstrate a defendant's total revenue generated through sales of the infringing

product, after which the burden shifts to the defendant to establish deductible expenses. *See Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.*, 250 F. Supp. 2d 333, 340-41 (S.D.N.Y. 2003), *aff'd in part and vac'd in part on other grounds*, 90 F. App'x 543 (Fed. Cir. 2004).

Here, Defaulting Defendants' gross revenue generated through sales of the Infringing Products is $1,325,538.17. This amount has been calculated using the U.S. sales data for each Defaulting Defendant provided by Amazon, the on-line commerce platform that each Defaulting Defendant utilized to market and sell the Infringing Products. This sales data is attached hereto as Exhibit 1. Accordingly, Plaintiff requests, pursuant to 35 U.S.C. § 289, monetary damages in the amount of $1,325,538.17.

### B. Plaintiff Is Entitled to Permanent Injunctive Relief.

Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from making, using, offering for sale, selling, and importing any product embodying the design claimed in Plaintiff's '612 patent or any colorable imitation thereof. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Plaintiff further requests that any Permanent Injunction entered by the Court order that Defaulting Defendants' assets that are currently restrained are transferred to Plaintiff up to the amount of monetary relief granted by this Court. Plaintiff also request that any Permanent Injunction entered by the Court require transfer to Plaintiff of all assets owned by Defaulting Defendants that may be discovered in the future, up to the amount of monetary relief that may be awarded to Plaintiff. Such injunctive relief is necessary so that Plaintiff can quickly take action against any new websites and online marketplace accounts that are identified and that are determined to have been linked to and/or to have sold Defaulting Defendants' Infringing Products. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 19-

cv-00788, Dkt. 30 (Default Judgment Order) at 5, § 7 (N.D. Ill. Apr. 23, 2019) (ordering that Plaintiff shall have ongoing authority to serve the Order upon financial institutions in the event that new accounts owned by the Defendants are identified, until the full damages award has been satisfied); *Levi Strauss & Co. v. 932HK-5Z4WQX, et al..,* No. 19-cv-00281, Dkt. 46 at (Final Judgment Order), at 8-9, § 6 (N.D. Ill. Apr. 2, 2019) (same).

## IV. CONCLUSION.

Plaintiff respectfully requests that the Court enter default and default judgment against Defaulting Defendants and award monetary damages in the amount of $1,325,538.17 pursuant to 35 U.S.C. § 289 based on Defaulting Defendants' profits generated as a result of their infringement of Plaintiff's '612 patent. Plaintiff further requests entry of a permanent injunction enjoining Defaulting Defendants from making, using, offering for sale, selling, and importing any product embodying the design claimed in the '612 patent or any colorable imitation thereof; and requiring the transfer to Plaintiff of assets in Defaulting Defendants' financial accounts, including, without limitation, Defaulting Defendants' bank accounts and Defaulting Defendants' payment accounts operated by on-line marketplaces, including but not limited to Amazon, up to the amount of any monetary relief ordered by the Court.

Date: January 8, 2024                      Respectfully submitted,

By: /s/ Shengmao Mu
Shengmao (Sam) Mu, NY #5707021

**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

**Schedule A**

| DOE | Store Name | Store Link | gross sales of the Infringing Products |
|---|---|---|---|
| 1 | Dismissed | Dismissed | Dismissed |
| 2 | Dismissed | Dismissed | Dismissed |
| 3 | Dismissed | Dismissed | Dismissed |
| 4 | GHWIE | https://www.amazon.com/sp?ie=UTF8&seller=A14AUD79VOHF0E&isAmazonFulfilled=1 | $146,299.83 |
| 5 | Horganize | https://www.amazon.com/sp?ie=UTF8&seller=A3RT6PLW766HIO&isAmazonFulfilled=1 | $61,388.56 |
| 6 | Dismissed | Dismissed | Dismissed |
| 7 | Toydoooco | https://www.amazon.com/sp?ie=UTF8&seller=A1AFO31VMTE43O&isAmazonFulfilled=1 | $ 1,071,474.92 |
| 8 | Dismissed | Dismissed | Dismissed |
| 9 | Dismissed | Dismissed | Dismissed |
| 10 | WOHIWO Direct | https://www.amazon.com/sp?ie=UTF8&seller=A3ABUACS6LC6MT&isAmazonFulfilled=1 | $46,374.86 |
| 11 | Dismissed | Dismissed | Dismissed |
| 12 | Dismissed | Dismissed | Dismissed |

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024, I caused the foregoing to be served upon Defaulting Defendants via electronic publication.

Date: January 8, 2024

/s/Shengmao Mu  
Shengmao Mu